

# Fourth Court of Appeals
## San Antonio, Texas

February 4, 2019

No. 04-19-00017-CR

John Ray **THATCHER,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0442
Honorable Jefferson Moore, Judge Presiding

# O R D E R

     The trial court imposed sentence upon Thatcher on November 13, 2018. Appellant did not file a motion for new trial. Accordingly, any notice of appeal was due on or before December 13, 2018. *See* TEX. R. APP. P. 26.2(a)(1). On December 21, 2018, appellant filed in the trial court a "Motion for Leave to File Late Notice of Appeal," which this court construed as a notice of appeal. On December 17, 2018, appellant filed in this court another "Motion for Leave to File Late Notice of Appeal," which we construe as a motion for extension of time to file a notice of appeal.

     To invoke this court's jurisdiction, an appellant must timely file a notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc). A notice of appeal is timely if it is filed within thirty days after the day sentence is imposed when, as here, no timely motion for new trial is filed. *See* TEX. R. APP. P. 26.2(a)(1). We may grant an extension of time to file a notice of appeal if the notice of appeal is filed within fifteen days of the date the notice of appeal was due and, within the same period, a motion is filed in the court of appeals reasonably explaining the need for the extension. *See id.* R. 26.3; *see also Olivo*, 918 S.W.2d at 522.

     As noted above, the notice of appeal in this matter was due December 13, 2018. *See* TEX. R. APP. P. 26.2(a)(1). Appellant filed a notice of appeal in the trial court (and this court) on December 21, 2018, a date within fifteen days of the original due date. *See id.* R. 26.3. He also filed in this court, on December 17, 2018, a motion asking for an extension of time to file his notice of appeal, explaining that his notice of appeal was untimely filed because he "was told [he] could not appeal in regard to a plea deal[.]" *See id.* We find this explanation reasonable as

it is the place of the appellate court to decide whether an appellant may appeal, not another person or entity. *See Olivo*, 918 S.W.2d at 522.

Accordingly, because appellant filed his notice of appeal and motion for extension of time to file the notice of appeal in accordance with the Texas Rules of Appellate Procedure and applicable case law, we **GRANT** appellant's motion for extension of time to file the notice of appeal.

Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of February, 2019.



KEITH E. HOTTLE,
Clerk of Court